## CINCINNATI, H. & D. RY, v. WALTER F. TAYLOR.

1. EVIDENCE OF CONTRIBUTORY NEGLIGENCE.

   Where plaintiff, in attempting to cross a railway track relied on his previous observation of the habits of the flagman stationed there and assumed from his absence that the way was clear, when in fact an accident occurred and plaintiff sustained injuries therefrom the question of contributory negligence is properly left to the jury.

2. EXPENSES FOR FUNERAL OF WIFE PROPER ITEMS OF DAMAGES IN ACTION BY THE HUSBAND.

   Funeral expenses incurred by plaintiff in consequence of the death of his wife in a railway accident are proper items of pecuniary loss in an action by the husband individually as they could not be recovered by the administrator in an action under Lan. R. L. 9673 (R. S. 6134).

3. ORDINARY CARE—ONE IS NEVER ABSOLVED FROM USING HIS FACULTIES TO AVOID DANGER.

   A charge that "the public need not anticipate danger and look for it in the absence of the flagman" at a railway crossing is properly refused. One is never absolved from using his faculties to avoid danger, and the exercise of ordinary care is a question of fact for the jury to determine from the circumstances of the case.

4. MISLEADING CHARGE TO JURY ON CONTRIBUTORY NEGLIGENCE.

   A charge containing the statement that those who cross a railroad track in the known absence of the flagman regularly stationed there, "knowing they are absolutely sure to be injured, assume the risk," is misleading, as the jury might believe that a less degree of danger, although known, would not make a case of contributory negligence.

ERROR to Hamilton common pleas court.

M. R. Waite, for plaintiff in error.

Johnson & Levy, for defendant in error.

GIFFEN, J.

The defendant in error commenced an action to recover damages for injury to his buggy, harness and wearing apparel, and for expenses for medical attendance, hospital fees, medicine, nursing and funeral expenses incurred by reason of an accident at a railroad crossing of the plaintiff in error, in which the wife of the defendant in error was injured, and from which injuries she afterwards died.

The defendant in error testified that as he approached the crossing, he saw there was no watchman on the track; that his horse was on a slow trot; that he approached the track from the west; that the door of the box provided for the watchman faced towards the east, and that prior to the accident, he had frequently observed the watchman seated in his box when no train was approaching the crossing.

It is claimed that the court erred in overruling the motion to arrest the case from the jury at the conclusion of the plaintiff's testimony. We think, however, under all the circumstances, the question of con-

tributory negligence was properly left to the jury. The plaintiff below undoubtedly assumed from his previous observation of the custom of the watchman that he was then seated in his box attending to his duties. The watchman was, in fact, present, but not attending to his duties. The court, therefore, properly left the question to the jury. *Railway* v. *Schneider*, 45 Ohio St. 678 [17 N. E. Rep. 321].

There was no error in refusing to give the four special instructions requested by the defendant below. The first and second were unsound in law; the fourth required the jury to bring in verdict for the defendant, and the third, although sound as a proposition of law, was refused because the request that it be given in writing was made after the argument.

The defendant was not prejudiced by the refusal to give such charge, for the reason that it was in substance given in the general charge.

There was no error in admitting testimony as to the funeral expenses, as they constituted a part of the pecuniary loss of the plaintiff and could not be recovered by the administrator of the deceased in an action commenced by him under Lan. R. L. 9673 (R. S. 6134).

The court charged the jury as follows:

"The public need not stop and listen, they need not do that, they need not anticipate danger and look for it in the absence of the flagman in not warning them, because they have the right to believe that the railway company invites them through their agent to cross this particular track; but it, does not relieve them of the duty if they see danger before them and know that by thus crossing they are absolutely sure to be injured, then they take upon themselves the onus and burden, and that is such contributory negligence, if they are injured and it is the direct cause, the proximate cause of the injury which they receive, then they cannot recover."

Ordinarily, when a flagman is present at a railroad crossing, it is not the duty of one approaching the track to stop and listen, but there may be circumstances requiring this. A traveler is never wholly absolved from using his faculties to avoid danger, and what would or would not amount to the exercise of ordinary care depends upon the circumstances of each case, and is properly one of fact to be determined by the jury.

A railroad crossing, where trains are passing and repassing, is necessarily a place of danger, and to say that the public need not anticipate and look for it in the absence of the flagman not warning them, is an erroneous statement of the law.

                            Railway v. Taylor.

: The further statement that those thus crossing, knowing they are absolutely sure to be injured, assume the risk, is liable to mislead the jury to believe that any danger of a less degree, although known, would not make them guilty of contributory negligence.   We think this part of the charge is prejudicial to the rights of the plaintiff in error, for which the judgment will be reversed and cause remanded for a new trial.

**Jelke** and **Swing, JJ.**, concur.